# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

954
CA 13-00331
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

ENVIRONMENTAL TESTING & CONSULTING, INC.,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT,
AND BUFFALO URBAN RENEWAL AGENCY,
DEFENDANT-RESPONDENT.

---

LOTEMPIO & BROWN, P.C., BUFFALO (RAFAEL O. GOMEZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (H. TODD BULLARD OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered April 23, 2012. The order granted in part and denied in part the motion of plaintiff and cross motion of defendant Buffalo Urban Renewal Agency for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order denying that part of its motion seeking partial summary judgment on liability with respect to its second through fourth causes of action, for breach of contract, and granting the cross motion of Buffalo Urban Renewal Agency (defendant) for summary judgment dismissing those causes of action. The parties entered into a contract whereby plaintiff, an environmental testing and remediation company, agreed to perform various services for homeowners who participated in defendant's "Rehab Program," which provides funds to qualified homeowners seeking to improve their properties. The contract documents specified the fee to which plaintiff would be entitled for each of the three services provided by plaintiff to the homeowners. According to plaintiff, defendant was obligated under the contract to retain plaintiff to perform between 220 and 260 lead paint tests, and an equal number of clearance tests and risk assessments. Plaintiff contends that defendant breached the contract because it retained plaintiff to perform only 44 lead paint tests and no clearance tests or risk assessments.

We agree with defendant that the clear and unambiguous language of the contract provided only for a "fee for services" arrangement

(*see generally Bailey v Fish & Neave*, 8 NY3d 523, 528; *Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88, *lv denied* 97 NY2d 603), and thus that Supreme Court properly dismissed the second through fourth causes of action.  Article 2 of the contract, entitled "WORK TO BE PERFORMED," refers to the "Lead Hazard Control Fee Schedule," which is set forth in plaintiff's bid application.  The fee schedule, in turn, sets forth only the agreed-upon per-unit price for each of the three services to be provided by plaintiff to the homeowners; it does not state that defendant is required to hire plaintiff to perform any minimum number of services.

We reject plaintiff's contention that the Scope of Services document, which is not signed by either party and is not referenced in the contract, requires a different result.  Even assuming, arguendo, that the Scope of Services document is part of the contract, we note that it does not guarantee that plaintiff will be hired to perform a minimum number of services.  Instead, that document merely recites plaintiff's projection that, under the contract, it likely would provide all three services to between 110 and 130 houses each year.  We agree with defendant, moreover, that it was not in a position to guarantee plaintiff a specific amount of work inasmuch as it was ultimately the decision of the homeowners participating in defendant's "Rehab Program" whether to retain plaintiff.

Entered:  September 27, 2013                     Frances E. Cafarell
                                                Clerk of the Court